## CHOICE OF A FORUM BY INJURED EMPLOYEES.

Court of Appeals for Cuyahoga County.

JOSEPH BOMGARDNER v. WILLIAM ZILCH, BY HIS NEXT FRIEND.

Decided, May 24, 1914.

*Recovery for Injuries—Under the Workmen's Compensation Act— Choice of a Forum—Application for Compensation—Failure to Prosecute Claim—Construction of Rules of the Board of Awards— Section 1465-61.*

1. Where an injured employee of an employer who has paid into the state insurance fund makes application to the state liability board of awards "for payment to him of money out of the state insurance fund," and this is done on a blank sent to him for that purpose by the state board, styled "First Notice of Injury and Preliminary Application," he will be held in so doing to have chosen his forum, and he can not thereafter maintain an action against his employer for compensation on account of the same injury.

2. Failure to further prosecute the claim before the state board after having thus elected to pursue that remedy is not a bar to an allowance to him by the state board, inasmuch as that board is not bound by technical rules but has full authority to make an investigation in such manner as is in their judgment best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the act.

*F. M. Secrest,* for plaintiff in error.

*A. L. McGannon* and *A. E. Powell,* contra.

GRANT, J.; WINCH, J., and MEALS, J., concur.

Error to the court of common pleas.

This is a petition in error which asks for the reversal of a judgment of the court of common pleas.

The parties here stand in the reverse order of their position in the court below, but they will in this opinion be designated as they were there.

The plaintiff, a minor, was in the employ of the defendant, and while so at work was injured by the operation of a circular saw.

The defendant had theretofore paid the premium required by the State Liability Board of Awards into the state insurance fund, and was then entitled to the protection designed by the statute to be given to employers under such circumstances, and the plaintiff in like manner had a right to share in the correlative benefits in that behalf.

Section 1465-61 of the General Code provides that where a personal injury is suffered by an employee, and such employer has paid into the state insurance fund, and in case such injury has arisen from the failure of such employer, or any of such employer's officers or agents, to comply with any municipal ordinance or lawful order of any duly authorized officer, or any statute for the protection of the life or safety of employees, "then in such event, nothing in this act contained shall affect the civil liability of such employer, but such injured employee may *at his option*, either *claim compensation under this act* or institute proceedings in court for his damages on account of such injury."

The second paragraph of the above section reads:

"Every employee, *who makes application for an award* from the State Liability Board of Awards, waives his right to exercise his option to institute proceedings in any court."

The claim of the plaintiff was that he came to his injuries because the saw in question was left without a guard, contrary to statute. His case therefore was brought within the purview of the insurance fund law, just quoted.

He accordingly undertook to exercise the option thus given to him by making out, signing and sending to the State Liability Board of Awards, on the day of his injury, a paper, the caption of which was as follows: "In the Matter of the Claim of William Zilch for payment to Him of Money Out of the State Insurance Fund." Opposite to this caption, on the same page of the paper, are the following words and figures: "No. 5940. First Notice of Injury and Preliminary Application."

Immediately below these, on the paper in question, are the following words:

*"I hereby make application* to the Industrial Commission of Ohio for the payment of money out of the state insurance fund on account of the injury to me hereinafter described, and hereby request that all forms and blanks necessary for the proper proof of my claim be furnished to me, free of charge."

The data of the injury then appeared further down the paper, covering, it is believed, everything requisite to his participation in the benefits afforded by the statute, except the rate of wages he had been getting, but in any event stating enough to require the state board to investigate his case, under the law.

The blanks thus requested were duly furnished to the plaintiff, but he failed to prosecute his claim to further effect, and the state board, having waited for the time limited by its rules for additional proceedings, found that he had waived his right to compensation and adjudged accordingly.

The plaintiff thereafter commenced this action.

The foregoing facts were alleged in the defendant's answer.

When the case was put upon its trial to a jury the substance of the matters thus stated was admitted by counsel for the plaintiff. Whereupon the defendant, claiming that the plaintiff had thereby elected to proceed for compensation under the statute already quoted, and was for that reason barred of his action in court, asked that the cause be withdrawn from the jury, and demanded judgment accordingly. The request was refused.

When the plaintiff had taken all his testimony, the same motion was made. It was again denied, as it also was when, at the end of the evidence on both sides, it was made for the third time.

There was a verdict, upon which judgment was entered for the plaintiff, after a motion for a new trial had been overruled.

The question with which we are concerned is this: Did the plaintiff make an "application for an award from the state liability board?" If he did, then by the express words of the statute he is barred of his action in court.

To avoid an affirmative answer to this inquiry the plaintiff relies on the rules of the board.

The statute which creates the board and defines their procedure, permits them to make rules. This power is conferred by Section 1465-44, as follows:

"The board shall adopt reasonable and proper rules to govern and provide for the kind and character of notices, and the service thereof, in cases of accident and injury·to employees, the nature and extent of the proofs and evidence, and the method of taking and furnishing the same, to establish the right to benefits of compensation from the state insurance fund, hereinafter provided for, *the forms of application* of those claiming to ·be entitled to benefits or compensation therefrom, the method of making investigations, physical examinations, and inspections, and prescribe the time within which adjudications and awards shall be made."

Acting on the authority thus granted, the board has formulated a set of rules which are printed on the back of the paper sent forward by the plaintiff, as already stated. A copy of this paper is attached as an exhibit to the answer in this case, so that we have the whole question before us on the record, as it was also before the trial court when the motion to arrest the case from the jury was made and denied.

It is difficult from a mere inspection of ·these rules to say whether they contemplate, at least in some cases, two applications—one preliminary and the other final—or not. The first paper to be sent forward is not called an application, but a notice (see Rule 4). It is required—so the rule says—from an injured employee "who contemplates filing an application for an award." It is contended for the plaintiff that Rule 7 is the one which was operative in his case. It is as follows: "Applications for awards in all cases of injury not resulting in death must be made by the party injured not less than two weeks nor more than three months after the injury is received." * * * This application it is said never was made,· and—such is the argument—the plaintiff merely exercised the option reserved to him by the statute of waging his rights in court rather than before the board.

It certainly is true that in some cases an award may be made without the application required by Rule 7. This is so where the claim is for medical services and does not involve compensation for injuries. Rule 8 specifically so says. So that, without regard to Rule 7, the board may, and does assume jurisdiction upon what Rule 4 designates a "notice."

That the board considers itself as entertaining jurisdiction under what it calls the preliminary notice provided for by Rule 4, is clear also from Rule 9, which requires the one filing the notice to be reminded of that fact in case he has neglected to proceed further, and thereupon to find that he has waived his right to compensation by his default.

The statute does not itself require or contemplate two applications, and whenever the board acquires jurisdiction it may, and should, pursue it to the effect which the act by its adoption was designed to reach.

It is quite true that Rule 4 does not speak of an application but a notice, and while it is also true that the blank upon which the plaintiff sent forward the paper referred to styles it "First Notice of Injury and Preliminary Application," neither of these designations is the language of the plaintiff. Both are the work of the printers—directed, no doubt, by the board—but by neither does the plaintiff say that he is sending a notice and not an application, or that if the paper is to be considered as an application at all, it is to be regarded as tentative and preliminary only, and not final. When he does speak in the paper, his language is direct and unequivocal; it is not open to change by construction—so plain and unambiguous is it. It says: "I hereby make application to the Industrial Commission of Ohio for the payment of money out of the state insurance fund, on account of the injury to me hereinafter described." He then requests the necessary blanks and forms to perfect his evidence. The latter was all he was called upon to do by the terms of Rule 4, and his preceding explicit application for compensation was wholly redundant, unless it operated to confer jurisdiction on the board to proceed and adjudicate his case. If language goes for anything at all, this language started the machinery of the board, and the applicant could have compelled action clear through to the end of his case—subject of course to such requisitions of the board as might be proper to bring any lacking data or proof before them. It is perhaps unfortunate that there should be any ambiguity in the rules as the board has seen fit to promulgate them, or that there should be a repugnancy be-

tween the caption to a blank and the material and substantial thing absolutely stated below the caption. In such case the substance must prevail over form, and in any case the clear purpose of the statute must be carried out, which purpose manifestly is not to let a litigant change his forum after he has once effectually chosen one.

The statute could confer on the board the power to make all needful rules. It could not give the board power to say by a rule that an application is not an application but a notice. The statute itself requires an application, and it is not to be supposed that the legislative intent was to allow a plain and clear application to be construed as something that is not an application at all, but something very different.

While the purpose of this statute is highly remedial and it is for that reason to be liberally interpreted, this consideration does not permit a construction of it that amounts to a contradiction of its own terms or a manifest perversion of its language.

In giving this conclusive effect to the plaintiff's own act in choosing his own remedy, we are far from attaching the importance to our conclusion that was intimated at the argument. The plaintiff is by no means stripped of the remedy which he himself elected in the first place to pursue. The statute—Section 1465-76—says:

"Such board shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in their judgment, is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this act."

Under the plenary power thus conferred and wholly in consonance with the evident policy of the law, the board, by Rule 11, has spoken, as follows:

"The provisions of Rules 4, 5, 7 and 8 will not be relaxed, unless, in the judgment of the board, the failure to observe their provisions was occasioned by want of knowledge of their existence, *and unless their strict enforcement will result in hardship and injustice*. In such instances the commission will, upon application, extend the time for filing."

Bearing in mind that it was under Rule 8, which may in a case of hardship be relaxed, that the board made its finding that the plaintiff had waived the prosecution of his claim, then by the mandate of the section of the statute last quoted the spirit of the act should be enforced by the allowance of further proceedings towards that remedy which the plaintiff elected to invoke, as we have found, and from the due and effectual prosecution of which he was for some reason induced, or chose to abstain.

It is equally the spirit and the purpose of the act to forbid the sampling of forums for the redress of their grievances by injured parties. The election of one, once made, precludes the pursuit of another. The plaintiff in this case having made his choice must be held to it.

It follows that the trial judge should have allowed the motion of the defendant to take the case from the jury in the first instance—the facts then appearing which left him no standing in court. *Cornell* v. *Morrison*, 87 O. S., 215.

This conclusion makes unnecessary any discussion of the other assignments of error made in the brief.

For the error found the judgment complained of is reversed, and final judgment for the plaintiff in error is now rendered—such being what should have been done by the trial court.